STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CIVIL ACTION
                                                  DOCKET NO.: AP-04-28

WILLIAM H. BRANAGAN, II,

                                        JUL 29 2005
        Plaintiff

        V.                                            O R D E R

TOWN OF WAYNE,

        Defendant

        This matter is before the court on plaintiff's amended complaint for review of governmental action pursuant to M.R. Civ. P. 80B. Plaintiff owns land in Wayne, Maine in the "R-2" Low Density Residential Zone upon which he has plans for development, and has so expressed to the town code enforcement officer (CEO). In his petition, he complains that he explained that he intended to sell loam, sand and gravel from the site to remove it to shape the land for development but that he was not operating a commercial gravel pit. Accordingly, plaintiff states that the code enforcement officer, in the spring of 2002, advised him that no permit was necessary. Plaintiff further alleges that in 2002 and 2003 he continued land development activity but at no time did he start a commercial gravel pit business.

        The code enforcement officer received three letters of complaint from a neighbor questioning whether plaintiff's activity was permitted under the zoning ordinance (Ord.). Because the code enforcement officer was unclear as to the application of the nature of the plaintiff's activities in regard to the particular zone, he filed an "interpretation appeal" in accordance with the zoning ordinance to the Board of Appeals acting in his capacity as code enforcement officer. See Ord. Pt II, Art.III §D (June 18, 1992). The CEO requested guidance on "whether a gravel pit operation located on the Fairbanks Road in the 'R-2' district is a prohibited use or an allowed use subject to conditions." The Board of Appeals conducted a hearing in which plaintiff tried to provide testimony, but was

refused. At that meeting, the Board of Appeals decided that mining and quarrying included gravel pits in the zoning ordinance and that such activity was prohibited in the "R-2" Low Density Residential Zone. Subsequent thereto, the code enforcement officer gave the plaintiff a Notice of Violation complaining that he was operating a gravel pit in violation of the zoning ordinance and threatening to impose fines.

The plaintiff asks this court to enter an order declaring that the Board of Appeals had no jurisdiction to decide the interpretation appeal of the code enforcement officer, declare that the code enforcement officer had no standing to present an appeal to the Board of Appeals, declare that the plaintiff's proposed land development activities are permitted in the "R-2" zoning district, declare that plaintiff has vested rights to continue his land development as explained and permitted by the code enforcement officer, declare the code enforcement's Notice of Violation to be null and void, and declare that the town is equitably stopped from preventing the petitioner from continuing his land development activities.

The defendant's brief agrees that the plaintiff has undertaken development of the land in question, properly receiving building permits. The town agrees that excavation as described by the plaintiff is permitted under its zoning ordinance when it's done in conjunction with permitted uses of building construction, providing it does not cause soil erosion. However, if under the ordinance, the excavation removes earth material in excess of 1,000 cubic yards, it is considered a gravel pit operation, which requires a Special Exception permit from the Planning Board. *See* Ord. Pt I, Art. IX, §J, (1) & (3) (June 18, 1992). The defendant describes the complaints by plaintiff's neighbor regarding allegations of an illegal gravel pit and agrees that the code enforcement officer was uncertain in that regard and requested an interpretation by the Board of Zoning Appeals. It is clear that the plaintiff was not a party to the interpretation appeal. Under those circumstances, the Board of Appeals did not make a ruling on plaintiff's activities but simply decided, for the benefit of the CEO, that operation of a gravel pit, as defined in the ordinance, is prohibited in the town's "R-2" zone.

At this point, the code enforcement officer determined that the plaintiff's activities were in violation of the ordinance and issued a Notice of Violation. The defendant admits that the plaintiff has told it that his property "has a pit on it dating back

2

to 1955". (Branagan's April 27, 2004, letter to Chairman of the Board of Appeals). The town asserts that the petitioner's letter also states there is in excess of 5,000 yards of useable earth material at the site and further reveals the existence of an advertisement on October 20, 2003 in the local advertiser stating "W.H. Branagan, II, Sands, Loam, Gravel, Excavation, "Bill's got the best dirt", Packable, Workable, Fill! Quanity [sic] Placing Negotiable, Wayne, 685-3632."

The first thing the court must determine is what it is being asked to decide. The plaintiff challenges all of the actions of the code enforcement officer. The plaintiff claims that the code enforcement officer had no authority to bring an interpretation appeal before the Board of Appeals and the Board of Appeals had no jurisdiction to hear his appeal.

The Town of Wayne's zoning ordinance provides for permits to be issued for activity permitted within the various zones and Special Exception Permits to be issued for activities that are not automatically permitted but may be allowed upon review by the authorities and particular conditions imposed. Pursuant to the zoning ordinance, the code enforcement officer is the "issuing authority" for permits. In other words, if the activity is allowed by the ordinance in the zone in question, he may issue the permit. The code enforcement officer, otherwise, is answerable to the Board of Selectmen. The code enforcement officer cannot issue Special Exception Permits since the ordinance provides that the Planning Board is the "issuing authority" for Special Exception Permits. The ordinance further goes on to provide the creation of a Board of Appeals whose responsibilities are to hear administrative appeals where a party asserts error on the part of the code enforcement officer or the Planning Board in the issuance or non-issuance of permits or Special Exception Permits and interpretation appeals upon the application by the "issuing authority" for interpretation of issues regarding granting of permits or Special Exception Permits. Since the ordinance is specific that the code enforcement officer is an issuing authority, and the ordinance makes clear that interpretation appeals are to be conducted on behalf of the issuing authority, the ordinance specifically authorizes the interpretation appeal conducted in this case.

Inasmuch as the purpose of the interpretation appeal is simply to interpret an issue upon request by an issuing authority, there is no specific case before it. In spite of the CEO's language framing the issue, the plaintiff was not a party to the proceeding, he was

3

simply an interested person in the interpretation given to the code enforcement officer by the Board of Appeals. Furthermore, inasmuch as he was not a party to the proceeding, he has no standing, at this stage, to obtain an M.R. Civ. P. 80B review of that decision since it was simply an interpretation for the guidance of the code enforcement officer. In that regard, the fundamental question of whether or not plaintiff's activities are prohibited in the zone in question, or, for that matter, whether plaintiff is carrying on an activity within the definition of the zoning ordinance is not properly before this court.

M.R. Civ. P 80B authorizes a review by the Superior Court of "any action or failure or refusal to act by a governmental agency..." where such review is available by law. Under the provisions of the Town of Wayne Zoning Ordinance, adopted June 18, 1992, as amended, it is the duty of the Board of Selectmen to enforce the Ordinance. The Code Enforcement Officer has the duty to notify a person violating the Ordinance and the property owner of any violation and the steps needed to correct the violation. If the remedial action is not taken, upon notification by the CEO to the Board of Selectmen, it is the Board that must take action in enforcement. There has been no action taken in this case against the Mr. Branagan and therefore, no "action...by a governmental agency." Ord., Pt II, Art II, § A & B (June 18,1992).

In addition, since there is no agency action to be reviewed, this court is in no position to impose principles of equitable estoppel on the Town of Wayne.

Of particular note is the absence of any application for a Special Exception Permit, facts relating to the activity actually taking place, admissible evidence of any issues of "grandfathering" under the zoning ordinance that may be present and the like.

It must be further noted that this court is making no determination as to the merits of the decision by the code enforcement officer or the Board of Appeals in the plaintiff's matter, but simply indicating that the petition before this court is premature and void of any action or failure or refusal to act by a governmental agency which has affected the rights of the plaintiff.

For the reasons as stated, the entry shall be:

The plaintiff's amended complaint is dismissed for failure to state a claim, without prejudice.

DATED: _July 8, 2005_

_____
Donald H. Marden
Justice, Maine Superior Court

Date Filed 5/7/04 _____ Kennebec _____ Docket No. AP04-28
County

Action _____ Petition for Review
80B

# J. MARDEN

William L. Branagan, II    vs.    The Town of Wayne

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Richard L. Trafton, Esq.<br>P.O. Box 470<br>Auburn, Maine 04212-0470 | Lee K. Bragg, Esq.<br>P.O. Box 5057<br>Augusta, Maine 04332-5057<br>Joan M. Fortin, Esq. |

| Date of Entry | |
|---|---|
| 5/7/04 | Plaintiff's Complaint for Review of Governmental Action, filed. s/Trafton, Esq. |
| 5/19/04 | Plaintiff's Amended Complaint, filed. s/Trafton, Esq. |
| 5/24/04 | Original summons with return service made upon Town of Wayne on 5/11/04. |
| 6/1/04 | Entry of Appearance, filed. s/Bragg, Esq. |
| ------- | Acceptance of Service, filed. s/Bragg, Esq. |
| 6/1/04 | Notice of briefing schedule mailed to attys of record. |
| 6/24/04 | Plaintiff's Motion for Enlargement of Time, filed. s/Trafton, Esq. |
| 7/2/04 | ORDER ON MOTION FOR ENLARGEMENT, Marden, J.<br>Time enlarged to 7/28/04.<br>Copies mailed to attys of record. |
| 7/22/04 | Plaintiff's Motion for Second Enlargement of Time, filed. s/Trafton, Esq.<br>Proposed Order, filed. |
| 8/2/04 | ORDER, Marden, J.<br>ORDERED that Plaintiff's Motion for Second Enlargement of Time is granted.<br>Copies mailed to attys. of record. |
| 8/27/04 | Plaintiff's Motion for Third Enlargement of Time, filed. s/Trafton, Esq.<br>Proposed Order, filed. |
| 8/30/04 | ORDER, Marden, J.<br>Motion for Enlargement is granted, extending the date by which Plaintiff shall file the record and brief until September 28, 2004. This is final extension.<br>Copies mailed to attys of record. |
| 9/28/04 | Plaintiff's Brief for Review of Governmental Action, filed. s/Trafton, Esq.<br>Rcord on Appeal, filed. |
| 11/1/04 | Consented to Motion for Enlargement of Tiem to File Rule 80B Brief, filed. s/Fortin, Esq. |